IN THE UNITED STATES DISTRICT COURT
For the District of Maryland

| | |
|---|---|
| Babatunde Kolawole<br>11703 Caplinger Road<br>Silver Spring, MD 20904<br>    Plaintiff | *<br>*<br>*<br>*<br>* |
| vs. | *<br>* |
| Chris Garner<br>4515 Willard Ave.<br>Chevy Chase, MD 20815 | *<br>*<br>*<br>* |
| and | *<br>* |
| Matt Touhey<br>4515 Willard Ave.<br>Chevy Chase, MD 20815 | *<br>*<br>*<br>* |
| and | *<br>* |
| Alfio's LLC<br>4515 Willard Ave.<br>Chevy Chase, MD 20815<br>    Defendant | *<br>*<br>*<br>*<br>* |
| SERVE:<br>Alex Menendez<br>9114 Fairview Road<br>Silver Spring, MD 20910<br>    Resident Agent | *<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff, Babatunde Kolawole, through his attorney Richard Basile brings this Complaint against Alfio's LLC and Matt Touhey and Chris Garner for unpaid wages, and hereby alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' failure to pay Plaintiff all earned overtime wages and failure to compensate Plaintiff for all time worked in violation of the

Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, Md. Code. Ann., Labor & Employment Article, § 3-401, et seq ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code. Ann., Labor & Employment Article, §3-501, et seq. ("MWPCL").

2. Defendant Alfio's LLC operates a restaurant located at 4515 Willard Ave., Chevy Chase, Maryland and known as Alfio's La Trattoria.

3. Defendant Alfio's LLC issued paychecks to Plaintiff for work performed at the worksite in Maryland.

4. Defendants Matt Touhey and Chris Garner are owners and/or operators and/or managers of Alfio's LLC, which was organized in the State of Maryland.

5. Defendants Matt Touhey and Chris Garner are owners and/or operators and/or managers of Alfio's LLC, and are residents of this judicial district.

6. Defendants paid Plaintiff his regular hourly wage for hours worked in excess of forty (40) hours and/or failed to pay any wages for hours worked in excess of forty (40) hours, in violation of the requirement that Defendant pay employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Defendant failed to pay Plaintiff his minimum hourly wage for hours worked of 40 hours or less in any one workweek.

## JURISDICTION AND VENUE

7. This court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C §216(b) and 28 U.S.C §1331 because this action arises under the laws of the United States.

8. This Court has supplemental jurisdiction over Count II and Count III of this complaint, which arise under the laws of Maryland, pursuant to 28 U.S.C §1367(a), because the claims in Count II and Count III arise from a common set of operative facts with Count I. The claims in Count II and Count III are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C §1391(b) because all or a substantial part of Defendants'

actions and omission giving rise to the claims in this Complaint occurred in Maryland. Defendants do business in Maryland and are subject to personal jurisdiction in the district.

## PLAINTIFFS

10. Plaintiff, Babatunde Kolawole is an adult resident of the State of Maryland.
11. Mr. Kolawole worked for Defendants as a valet, performing work at Defendants' Chevy Chase restaurant, Alfio's La Trattoria, 4515 Willard Ave. Chevy Chase, Maryland.
12. Mr. Kolawole worked at Alfio's La Trattoria from on or about 2013 to the present time.
13. Mr. Kolawole was Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C §203(e) and as that term is interpreted pursuant to Md Code Ann., Labor & Employ. Art., § et seq. and § 3-501 et seq.
14. Defendants were Mr. Kolawole's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C, §203(d).
15. Defendants were Mr. Kolawole's "employer" as that term is defined and/or interpreted by the Md. Code Ann., Labor & Employment Art., §3-401(b).
16. Defendants were Mr. Kolawole's "employer" as that term is defined and/or interpreted by the Md. Code Ann., Labor & Employment Art., §3-501(b).

## DEFENDANTS

17. Defendant Alfio's LLC is a Maryland limited liability company, which does business in this judicial district.
18. Defendant Alfio's LLC owns and/or operates a restaurant with a location at 4515 Willard Ave., Chevy Chase, Maryland.
19. At all times relevant, Alfio's LLC had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

20. Defendant Alfio's LLC is an "employer as that term is defined and/or interpreted by §203(d) of the FLSA.
21. Defendant Alfio's LLC is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(b).
22. Defendant Alfio's LLC is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-501(b).
23. At all times relevant, Defendants Matt Touhey and Chris Garner had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.
24. Defendant Matt Touhey is an "employer" as that term is defined and/or interpreted by §203(d) of the FLSA.
25. Defendant Matt Touhey is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(b).
26. Defendant Matt Touhey is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-501(b).
27. Defendant Chris Garner is an "employer" as that term is defined and/or interpreted by §203(d) of the FLSA.
28. Defendant Chris Garner is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-401(b).
29. Defendant Chris Garner is an "employer" as that term is defined and/or interpreted by Md. Code Ann., Labor & Employ. Art., §3-501(b).

## STATEMENT OF FACTS

30. Defendants operate a restaurant located at 4515 Willard Avenue, Chevy Chase, Maryland.
31. Defendants supervised Plaintiff and controlled the terms and conditions of his employment.
32. Defendants exercised the power to assign Plaintiff tasks and to direct the means of carrying out those tasks.
33. Defendants monitored and evaluated Plaintiff's job performance.

34. Defendants exercised the power to control Plaintiff's work schedules and employment status.
35. Defendants paid Plaintiff by a combination of checks and cash.
36. From on or about December 2013 to the present time, during his employment with Defendants, Babatunde Kolawole worked over forty hours per week and sometimes over sixty hours per week.
37. From on or about December 2013 to the present time, Defendants paid Mr. Kolawole through checks.
38. The exact number of hours Plaintiff worked for Defendants can only be determined through discovery.
39. Plaintiff's personal payroll records and paystubs reflect that during many work weeks Plaintiff worked in excess of forty (40) hours per week.
40. Defendants knowingly required Plaintiff to work in excess of forty (40) hours in some workweeks.
41. At all times relevant, Plaintiff was a "non-exempt" employee for the purposes of coverage under the FLSA and MWHL.
42. Defendants failed to pay Plaintiff the statutorily mandated minimum wage and/or overtime wages for the work he performed for Defendants in excess of 40 hours in any one workweek in violation of the requirement to pay time and one-half Plaintiff's regular rate of pay pursuant to the FLSA, 29 U.S.C. §207(a) the MWHL, Md. Code Ann., Labor & Employment Article §3-415 MWPCL, Md. Code Ann., Labor & Employment Article, §3-501 et seq,.
43. At all times relevant to this action Defendants failed to comply with the posting requirements of 29 C.F.R. §516.4, and Md. Code Ann., Labor & Employ. Art. §3-423.
44. Defendants were and are aware that the FLSA and the MWLH required Defendants to pay all employees overtime wages at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours each workweek.
45. Defendants were and are aware that the FLSA and the MWHL require Defendants to pay all employees the statutory minimum wage for all hours worked.

46. The FLSA requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek 29 C.F.R §516, et seq.
47. The MWHL requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. Md. Code Ann., Labor & Employment Article §3-424.
48. The wages Defendants withheld from Plaintiff were not withheld as a result of a bona fide dispute.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

49. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.
50. Plaintiff worked for Defendants as a parking valet and performed "non-exempt" duties under the FLSA.
51. During his employment with Defendants, Plaintiff regularly worked more than forty hours per week.
52. Plaintiff was not exempt from being paid the federal minimum wage, or overtime wages at a rate of one and one-half times the federal minimum wage for hours worked over forty (40) in a workweek.
53. In violation of the FLSA, Defendants did not pay Plaintiff the statutorily mandated minimum wage and overtime wages for his work as a valet for Defendants.
54. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

## COUNT II: VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

55. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in preceding paragraphs.

56. Plaintiff was not exempt from being paid the Maryland or Montgomery County minimum wage or overtime wages at a rate of one and one-half times the federal minimum wage for hours worked over forty (40) in a workweek.
57. In violation of the MWHL and Montgomery County law, Defendants did not pay Plaintiff, Babatunde Kolawole, the statutorily mandated minimum wage and overtime wages for his work as a valet for Defendants.
58. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

## COUNT III: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

59. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.
60. In violation of the MWPCL and Montgomery County law, Defendants did not pay Babatunde Kolawole statutorily mandated minimum wage and overtime wages for his work as a valet for Defendants.
61. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bona fide dispute.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Babatunde Kolawole, demands judgment against the Defendants, jointly and severally, for the sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of his damages, and the costs of this action, and further requests that the Court enter judgment and:

A. Award Plaintiff unpaid minimum wages and unpaid overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §§206, 207 and 216;

B. Award to Plaintiff his costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. §216(b).

C. Award Plaintiff his unpaid minimum wages and overtime wages, plus an equal amount in liquidated damages, pursuant to Md. Code Ann., Labor & Emply. §3-427(a)(1-2);

D. Award to Plaintiff cost and attorneys' fees incurred in this action, as provided for by Md. Code Ann., Labor & Emply. §3-427(a)(3);

E. Enter judgment in the amount of all wages due, as provided by the Maryland Wage Payment and Collection Law, Md. code Ann., Labor & Emply. Art. §3-507.2(a);

F. Enter judgment in the amount of three times the amount of wages due as provided by Md. Code Ann., Labor & Emply. Art. §3-507.2(b);

G. Award reasonable attorney's fees and costs incurred in filing this action as provided by Md. Code Ann., Labor & Emply §3-507(b);

H. Award prejudgment interest at 6% per annum on the back wages in accordance with the Maryland Constitution, Article III, §57;

I. Enter an injunction precluding Defendants from violating the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Emply. Art. §3-501 et seq;

J. Award such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/
Richard Basile
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
P: 301-441-4900
F: 301-441-2404
rearsb@gmail.com
Bar # 24092